IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MICHAEL M., <br><br> Plaintiff, <br><br> vs. <br><br> MARTIN O'MALLEY, <br> Commissioner of Social Security, <br><br> Defendant. | Case No. 2:23-cv-00085-CMR <br><br> MEMORANDUM DECISION AND ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION <br><br> Magistrate Judge Cecilia M. Romero |

All parties in this case have consented to the undersigned conducting all proceedings (ECF 7). 28 U.S.C. § 636(c). Plaintiff Michael M. (Plaintiff), pursuant to 42 U.S.C. § 405(g), seeks judicial review of the decision of the Commissioner of Social Security (Commissioner) denying his claim for disability insurance benefits (DIB) under Title II of the Social Security Act (Act). After careful review of the record (Certified Administrative Transcript (Tr.), ECF 8), the parties' briefs (ECF 9, 13, 14), and arguments presented at a hearing held on January 11, 2024 (ECF 17), the undersigned concludes that the Commissioner's decision is supported by substantial evidence. For the reasons stated on the record at the hearing and as discussed below, the court hereby AFFIRMS the decision of the Commissioner.

I.     BACKGROUND

Plaintiff initially alleged a disability onset date of February 1, 2016, but he later amended that date to April 21, 2017 (Tr. 16, 42–43). Plaintiff filed application for DIB on March 11, 2021, alleging disability due to schizoeffective disorder, major depressive, and anxiety disorder (Tr. 77).

1

After a hearing on March 8, 2022, the ALJ issued an unfavorable decision on May 20, 2022 (Tr. 13–37, 38–75).

The ALJ followed the Commissioner's five-step sequential evaluation process for disability claims. *See* 20 C.F.R. § 404.1520(a)(4). At step two, the ALJ found that Plaintiff had the following severe impairments: schizophrenia and anxiety disorder (Tr. 19). At step three, the ALJ found that these impairments did not meet or medically equal a per se disabling impairment from 20 C.F.R. Part 404, Subpart P, Appendix 1 (the listings) (Tr. 21–23). Between steps three and four, the ALJ assessed Plaintiff's residual functional capacity (RFC), finding that Plaintiff could perform work with the following limitations:

> He should work in a moderate-to-quiet noise environment. He can understand, remember and carry out simple and detailed, but uninvolved instructions. He can have no more than occasional changes in a routine work setting. He can have infrequent, superficial contact with the public, and occasional contact with coworkers and/or supervisors.

(Tr. 23). At step five, the ALJ found that this RFC would allow Plaintiff to perform other work existing in significant numbers in the national economy (Tr. 31–32; *see* Tr. 67–73 (vocational expert testimony)). The ALJ thus concluded that Plaintiff was not disabled from the amended alleged onset date, April 21, 2017, through the date last insured, September 30, 2021 (Tr. 33). The ALJ's decision denying Plaintiff's applications became the Commissioner's final decision when the agency's Appeals Council denied Plaintiff's request for review (Tr. 1). 20 C.F.R. § 404.981. This appeal followed.

## II.   STANDARD OF REVIEW

The scope of the court's review of the Commissioner's final decision is specific and narrow. As the Supreme court recently reiterated, "[o]n judicial review, an ALJ's factual findings . . . 'shall be conclusive' if supported by 'substantial evidence.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019) (quoting 42 U.S.C. § 405(g)). The threshold for evidentiary sufficiency under

the substantial evidence standard is "not high." *Id*. at 1154. Substantial evidence is "more than a mere scintilla"; it means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)). Under this deferential standard this court may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *See Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014). The court's inquiry, "as is usually true in determining the substantiality of evidence, is case-by-case," and "defers to the presiding ALJ, who has seen the hearing up close." *Biestek*, 139 S. Ct. at 1157.

### III. DISCUSSION

Plaintiff argues that the ALJ erred in failing to consider Plaintiff's bipolar disorder and symptoms at step two and the subsequent steps of his decision. Plaintiff also argues that the ALJ's vague RFC limitation of "moderate to quiet noise environment" resulted in a step five error. As discussed below, the ALJ applied the correct legal standards, and his decision is supported by substantial evidence and free from reversible error.

**A.  The ALJ did not commit reversible error in failing to address one diagnosis, bipolar disorder, where he expressly considered the symptoms of that disorder.**

On appeal, Plaintiff asserts that the ALJ erred in not addressing whether Plaintiff's bipolar disorder was a medically determinable impairment or severe impairment at step two, which then impacted the subsequent steps, including the RFC determination. Before the ALJ determines whether an impairment is severe, the ALJ must make the threshold determination of whether the claimant has a medically determinable impairment. 20 C.F.R. § 404.1521. Under this standard, the claimant's impairment must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques. *Id*. This means that a physical or mental impairment must be established by objective medical evidence

3

from an acceptable medical source. *Id*. And the claimant cannot rely on his statement of symptoms, a diagnosis, or a medical opinion to establish the existence of an impairment. *Id*.

Here, Plaintiff argues that the ALJ erred in failing to make a determination of whether bipolar disorder was a medically determinable impairment at step two. And in failing to consider this diagnosis and symptoms at subsequent steps, Plaintiff relies on the *Amy H*. case to argue that it is reversible error when the ALJ failed to determine whether the impairment is severe. *Amy H. v. Saul*, No. 1:20-cv-00014-JNP-CMR, 2021 WL 1124866 (D. Utah March 4, 2021). Defendant Commissioner concedes that the ALJ did not include a specific discussion of bipolar disorder at steps two or three. However, the Commissioner points to the ALJ's statement that he was "cognizant of the substantial overlap in symptomology between different mental impairments, as well as the inherently subjective nature of mental diagnoses" and that he considered Plaintiff's "physiological symptoms and their effect on [his] functioning…together, instead of separately, regardless of the diagnostic label attached" (Tr. 21). The *Amy H*. case is distinguishable because in that case the ALJ not only failed to discuss the impairment at step two, but also failed to discuss any of the disorder's symptoms at subsequent steps. *See* 2021 WL 1124866, at *4. In contrast, the ALJ in this case *did* discuss symptoms of bipolar disorder in making his RFC determination.

At the January 11, 2024 hearing, the Commissioner relied on *Ray v. Colvin* to argue that a discussion of the symptoms of a non-medically determinable impairment in assessing Plaintiff's RFC renders such error harmless. 657 Fed. App'x 733, 734 (10th Cir. 2016) (failure to find an impairment medically determinable at step two is harmless error if the ALJ considered the impairment in assessing the RFC). The court acknowledges that the ALJ failed to expressly address the diagnosis of bipolar disorder at steps two and three. However, the court agrees with the Commissioner that this amounted to harmless error as the ALJ in this case specifically referenced

4

Plaintiff's bipolar disorder symptoms of mania (*see* Tr. 26) and mood cycling (*see* Tr. 27) in assessing Plaintiff's RFC.

Moreover, it is clear the ALJ understood Plaintiff had different mental impairments and explicitly stated that he was going to look at the psychological symptoms and their effect on functioning instead of the label attached (*see* Tr. 21). The ALJ also provided an extremely detailed discussion of Plaintiff's medical history, which included discussions of his symptoms (mania, mood cycling, anxiety, anger, and hallucinations), functional abilities (interactions with others, ability to focus, ability to manage oneself, ability to regulate emotions, and ability to control behavior), treatment history (hospitalizations and medication), and alcohol use.

In addition, any error in failing to specifically discuss bipolar disorder at prior steps is harmless because there is no objective medical evidence from an acceptable source during the relevant period. *See* 20 C.F.R. § 404.1521. It is not enough for the Plaintiff to point to symptoms or a diagnosis—there must be objective medical evidence. *See id.* The court is therefore not persuaded that there may have been a different outcome absent this error.

B.     **The ALJ did not err in finding that Plaintiff was limited to a "moderate to quiet noise environment."**

As to Plaintiff's second argument, Plaintiff asserts that the ALJ erred in finding a vague limitation of "moderate-to-quiet noise environment" in Plaintiff's RFC and that the step five findings are therefore not supported by substantial evidence.

At step five of the sequential evaluation process, the Commissioner bears the burden of proving that a claimant has the RFC to do other work existing in significant numbers in the national economy. 20 C.F.R. § 404.1566(a). When determining when a claimant can perform other work in the national economy, the ALJ may take administrative notice of a number of sources, including the Dictionary of Occupational Titles (DOT). 20 C.F.R. § 404.1566(d). Additionally, an ALJ may

utilize a vocational expert and rely on the expert's testimony as the basis for the ALJ's conclusion. 20 C.F.R. 404.1566(e).

Here, Plaintiff points out that all of the jobs provided by the vocational expert had moderate noise exposure and as such were not appropriate for an RFC that included a less than moderate, but greater than quiet, noise restriction. The Commissioner responds that regardless of whether the ALJ's limitation was an "either or limitation" or "a range," there is no indication that a full range of moderate noise would not be included in that range. The court agrees. Plaintiff provides no authority to support that a "moderate to quiet" noise environment does not include the full range of moderate noise. The court disagrees with Plaintiff's argument that the ALJ was required to discuss whether the claimant's limitations more closely aligned to the definition for moderate noise or quiet noise. The ALJ asked the vocational expert about the jobs the Plaintiff could perform with his RFC (which included "work in a moderate-to-quiet noise environment") and the jobs provided at step five, with the moderate noise environment, were consistent with Plaintiff's RFC.

## IV. CONCLUSION

The ALJ complied with the applicable regulatory framework and his decision is supported by substantial evidence. There is therefore no reversible error, and the ALJ's decision is AFFIRMED. Judgment shall be entered in accordance with Fed. R. Civ. P. 58, consistent with the U.S. Supreme Court's decision in *Shalala v. Schaefer*, 509 U.S. 292, 296–304 (1993).

DATED this 19 March 2024.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah